CV 14 4795 ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

RECEIVED
AUG 11 2014
PRO SE OFFICE

\*\*\*    \*\*\*    \*\*\*

TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

*Plaintiff,*

-against-

CORPORATIONS FOR CHARACTER, L.C.,
FAMILY FILMS OF UTAH, INC.,
FEATURE FILMS FOR FAMILIES, INC.,
FORREST SANDUSKY BAKER III,
REKAB SUDSKANY, L.C.,
REKAB TSERROF, L.C., and
STEPPING STONES ENTERTAINMENT, LLC,

*Defendants.*

AMON, CH.J.
POHORELSKY, M.J.

\*\*\*    \*\*\*    \*\*\*

## CLASS-ACTION COMPLAINT [DRAFT]

## INTRODUCTION

1.      This action arises out of telephone calls, made by or on behalf of Defendants, using

an artificial or prerecorded voice that delivered a message that advertised the commercial availability

or quality of a home-security system (the "Security-System Robocalls").

2.      The legal claims arise under one federal statute and three New York statutes: the

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and New York General Business

Law § 399-p.

3.      Plaintiff brings this action individually and as a class action on behalf of all persons to

whose residential or cellular telephone number one or more Security-System Robocalls was placed

1

(the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

4.      Plaintiff also brings this action individually and as a class action on behalf of all persons who received a Security-System Robocall on a New York telephone number, *i.e.* a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of said commencement (the "New York Class Period").

5.      Plaintiff seeks, individually and on behalf of the other Federal Class Members and New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. § 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §§ 1332(d)(2)(A) and 1367(a).

7.      The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9.      Plaintiff, Todd C. Bank ("Bank"), and was and is, at all relevant times herein, a resident of the Eastern District of New York.

10.     Defendant Corporations for Character, L.C. ("CC"), is a Utah for-profit limited company with its principal place of business located at 5286 South Commerce Drive, Suite A-116, Murray, Utah 84107.

11.     Defendant Family Films of Utah, Inc. ("FFU"), is a Utah for-profit limited company with its principal place of business located at 5286 South Commerce Drive, Suite A-116, Murray,

Utah 84107.

12.   Defendant Feature Films for Families, Inc. ("FFF"), is a Utah for-profit corporation with its principal place of business located at 5286 South Commerce Drive, Suite A-116, Murray, Utah 84107.

13.   Defendant Forrest Sandusky Baker III ("Baker") is the president and chief executive officer of FFF, the chief executive officer of C4C, and the chief executive officer of FFU.

14.   Defendant Rekab Sudskany, L.C. ("RS"), for-profit limited company with its principal place of business located at 5286 South Commerce Drive, Suite A-116, Murray, Utah 84107.

15.   Defendant Rekab Tserrof, L.C. ("RT"), for-profit limited company with its principal place of business located at 5286 South Commerce Drive, Suite A-136, Murray, Utah 84107.

16.   Defendant, Stepping Stones Entertainment, LLC ("SSE"), was and is, at all relevant times herein, limited-liability corporation organized and existing under the laws of Utah, and maintains its principal place of business at 2825 East Cottonwood Parkway, Suite 500, Salt Lake City, Utah 84121.

## APPLICABLE LAW

### A.   Regulation of Certain Calls to Residential and Cellular Telephone Numbers

#### (i)   Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")

17.   Section 227(b) of the TCPA regulates so-called "robocalls," which are calls placed using an automated telephone dialing system ("ATDS"), and calls using an artificial or prerecorded voice.

18.   With respect to residential telephone lines, the statute prohibits all calls using an artificial or prerecorded voice, other than emergency calls or calls made with prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(B).

19.    Regarding telephone numbers assigned to a cellular telephone service, the statute prohibits calls using an artificial or prerecorded voice, and ATDS calls, other than emergency calls or calls placed with the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

20.    Recipients of calls that are made in violation of 47 U.S.C. § 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. § 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

**(ii)    Liability of Entities That Do Not Directly Place Illegal Calls**

21.    As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005) ("a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call."); *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013) (with respect to violations of Section 227(b), a seller can be vicariously liable for unlawful calls placed by third parties). *Accord, Savanna Group., Inc. v. Trynex, Inc.*, No. 10 -cv-7995, 2013 WL 4734004, at *5 (N.D. Ill. Sept. 3, 2013); *Mey v. Monitronics Int'l, Inc.*, 5:11-cv-90, 2013 WL 4105430, at *4-*5 (N.D. W. Va. Aug. 14, 2013); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-1085 (C.D. Cal. 2012);

4

**B.**     **New York General Business Law § 399-p**

22.     New York General Business Law § 399-p(3)(a) requires that, whenever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall state, at the beginning of the call, the name of the person transmitting the message, or the name of the person on whose behalf the message is being transmitted, and, at the end of such message the address and telephone number of the person on whose behalf the message is transmitted, provided that such disclosures are not otherwise prohibited or restricted by any federal, state, or local law.

23.     New York General Business Law § 399-p(4) prohibits the operation of an automatic dialing-announcing device that uses a random or sequential number generator to produce a number to be called.

24.     Persons whose rights under Section 399-p are violated are entitled, pursuant to New York General Business Law § 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

<u>FACTS</u>

25.     At all times material to this Complaint, FFU has provided services to Defendants FFF and C4C, including management services and directions on regulatory compliance with respect to telemarketing conducted by Defendants FFF and C4C.

26.     At all times material to this Complaint, Baker has owned FFF, C4C, and FFU, directly or as Trustee of the Forrest S. Baker III Trust and co-trustee of the Sharon O. Baker Trust.

27.     At all times material to this Complaint, Baker has formulated, directed, controlled, or participated in the acts and practices of FFF, C4C, and Family Films, including the acts and practices set forth in this Complaint. Baker has formulated, directed, controlled, or participated in the acts and practices of FFF, C4C, and Family Films, including the acts and practices set forth in this Complaint.

5

**C.     Defendants' Robocalls**

28.     On or about June 26, 2014, Plaintiff received, on his residential telephone number, a telephone call that produced the following caller identification: "LIFEGIVMOMENTS" and "18156878080" (the "Plaintiff's Robocall").

29.     Upon answering Plaintiff's Robocall, an artificial and/or prerecorded voice (the "robocall voice") asked to speak to "Todd" and requested that he, *i.e.*, Plaintiff, participate in a survey regarding movie preferences in exchange for a five-dollar discount off of a movie (the "Promotional Survey.").

30.     Plaintiff completed the Promotional Survey, and was told that he would receive a follow-up telephone call from SSE.

31.     The robocall voice did not state, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted.

32.     The robocall voice did not state, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

33.     On or about June 27, 2014, Plaintiff received a telephone call that produced the following caller identification: "SSEENTERTAINMEN" and "19093402051" (the "follow-up call")

34.     During the follow-up call, the caller told Plaintiff that the caller was with Stepping Stone Enterainment.

35.     The telephone number of 800-326-4598 is one of the contact telephone numbers that appear on the websites belonging to SSE, and FFF (the 800 number").

36.     On or about July 15, 2014, Plaintiff called the 800 number, and, before speaking to a live person, was told by a recording to press "1" if the call was for FFF, and to press "3" if the call was SSE (the "outgoing message").

37.     After hearing the outgoing message, Plaintiff pressed "3" on his telephone keypad.

38.     After Plaintiff pressed "3" on his telephone keypad, a live person came onto the call and identified herself as an employee of SSE, and, in an ensuing conversation, told Plaintiff that SSE and FFF work together, and that SSE and FFF had made thousands of robocalls for a period of at least three years. occurred.

39.     The person with whom Plaintiff spoke stated that it was the practice of SSE and FFF that a live person would listen to each robocall as it occurred even though the voice that spoke to the recipient of the robocall was not a live person.

40.     Although the listening by a live person to a robocall would have no bearing on liability under either the TCPA or N.Y. GBL 399-p, the enormous volume of telephone calls would make it extraordinarily unlikely that a live person listened to the robocalls; and upon information and belief, none of the calls were listened to by a live person but that representation is made in order to deceive recipients into believing that the calls do not violate the law.

41.     At all relevant times, RS has been a publisher of various movies that are produced and sold by SSE.

41.     At all relevant times, RT has been a publisher of various movies that are produced and sold by SSE.

42.     At all relevant times, RS has owned the following trademarks: "Feature Films for Families" for "motion-picture films about stories that support traditional family values," "Stepping Stones Entertainment" for "motion-picture films featuring stories that support traditional family values," and "Stepping Stones Entertainment" for "production and distribution of motion pictures."

43.     Since at least 2012, Defendants have been responsible for the making of millions of robocalls that promote movies sold by SSE.

7

44.    Neither Bank nor the other Class Members had given anyone prior express invitation or permission to place the Security-System Robocalls to them.

45.    Neither Bank nor the other Class Members had an established business relationship with Defendants or the lead generators at the time of the placement of the Security-System Robocalls.

## FIRST CAUSE OF ACTION

46.    Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "45" inclusive of this Complaint as if fully set forth herein.

47.    The placement of Security-System Robocalls to Plaintiff and the other Members of the Federal Class, as set forth herein, violated 47 U.S.C. § 227(b)(1).

48.    Plaintiff and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. §§ 227(b)(3)(B).

49.    In the event that Defendants willfully or knowingly violated 47 U.S.C. § 227(b)(1), Plaintiff and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. §§ 227(b)(3)(C).

50.    Plaintiff and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendants from violating 47 U.S.C. § 227(b)(1).

## SECOND CAUSE OF ACTION

51.    Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "45" inclusive of this Complaint as if fully set forth herein.

52.    The placement of Security-System Robocalls to Plaintiff and the other Members of the New York Class, as set forth herein, violated New York General Business Law § 399-p(3)(a).

53.    Plaintiff and the other Members of the New York Class are entitled to statutory

damages of $50 pursuant to New York General Business Law § 399-p(9).

54.    Plaintiff and the other Members of the New York Class are entitled to an Order, pursuant to New York General Business Law § 399-p(9), enjoining Defendants from violating New York General Business Law § 399-p(3)(a)

55.    Plaintiff and the other Members of the New York Class are entitled to reasonable legal fees pursuant to New York General Business Law § 399-p(9).

## CLASS ALLEGATIONS

56.    Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone number Defendants, or third parties acting with the authorization of Defendants, placed one or more Security-System Robocalls (the "Federal Class"), during the period beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

57.    Plaintiff also brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons who received a Security-System Robocall on a New York telephone number (*i.e.* a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

58.    Plaintiff believes that there are thousands of individuals whose claims are similar to Plaintiff's claims, and, furthermore, that Plaintiff's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendants' wrongful conduct in the same manner in which Plaintiff has sustained damages arising out of Defendants' unlawful conduct.

59.     Plaintiff will fairly and adequately protect the interests of each Class. Plaintiff has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Plaintiff's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

60.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

61.     Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

(i)     whether Defendants, or third parties acting with the authorization of Defendants, placed telephone calls using an artificial or prerecorded voice that  delivered a message to residential or cellular telephone lines;

(ii)    whether the telephone calls at issue violated the TCPA;

(iii)   whether Defendant willfully or knowingly violated the TCPA;

(iv)    whether the Members of the Federal Class are entitled to damages as a result of Defendants' violations of the TCPA, and, if so, how much; and

(v)     whether the Members of the Federal Class are entitled to injunctive relief as a result of Defendants' violations of the TCPA.

62.     Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i)     whether Defendants violated New York General Business

Law Section 399-p(3)(a);

(iv)    whether the Members of the New York Class are entitled to damages as a result of Defendants' violations of the New York General Business Law;

(v)    whether the Members of the New York Class are entitled to injunctive relief as a result of Defendants' violations of the New York General Business Law; and

(v)    whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendants' violations of the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a)    Pursuant to 47 U.S.C. § 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. § 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b)    Pursuant to 47 U.S.C. § 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully;

(c)    Pursuant to 47 U.S.C. § 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. § 227(b)(1);

(d)    Pursuant to New York General Business Law § 399-p(9), damages of $50 per violation of New York General Business Law § 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e)    Pursuant to New York General Business Law § 399-p(9), an order enjoining Defendants from violating New York General Business Law § 399-p(3)(a); and

(f)    An award, to Plaintiff and the other Members of each Class, of the costs and

disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated:   August 8, 2014

Yours, etc.,

TODD C. BANK, ATTORNEY AT LAW, P.C.
Todd C. Bank (TB-6825)
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Counsel to Plaintiff*